UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                              )
**JAMES F. HOSKINS,**         )
                              )
       **Plaintiff,**         )
                              )
       v.                    )   Civil Action No. 10-2061 (RWR)
                              )
**JANET NAPOLITANO, et al.,** )
                              )
       **Defendants.**        )
_____)


                    **MEMORANDUM OPINION AND ORDER**

    Pro se plaintiff James F. Hoskins brings this action against the Secretary of the Department of Homeland Security ("DHS"), and the United States Coast Guard ("USCG"), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b)(1), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.  The defendants have moved to dismiss for improper venue, or, in the alternative, to transfer the case to the District of Maryland. Because venue is improper here but would be proper in the District of Maryland, the defendants' motion will be granted in part and the case will be transferred to the District of Maryland.

                              BACKGROUND

    Hoskins, a resident of Tenafly, New Jersey, has been diagnosed as HIV positive since 1995.  (Compl. ¶ 15.)  Hoskins was hired by the USCG in January 2007 as an ordnance equipment

worker.  He was assigned to a USCG facility located in Baltimore, Maryland.  According to Hoskins, while he was employed by the USCG he was subjected to constant harassment on the basis of his race and HIV status from September 2007 until his employment was terminated in October 2008.  (Compl. ¶¶ 11-13, 32-33, 39.) Hoskins also asserts that the USCG wrongfully denied him training opportunities (id. ¶¶ 33, 44, 48), denied him a security clearance by interfering with the background investigation (id. ¶¶ 28, 46, 53, 57), and eventually placed him on administrative leave and wrongfully terminated his employment.  (Id. ¶¶ 52, 54.) In December 2010, Hoskins filed the instant complaint against the DHS and the USCG.  The defendants have moved under Federal Rule of Civil Procedure 12(b)(3) to dismiss for improper venue or to transfer the case to the District of Maryland.  (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss at 1.)  Hoskins opposes.

DISCUSSION

Rule 12(b)(3) "allows a case to be dismissed for improper venue."  Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C. 2007); see also Fed. R. Civ. P. 12(b)(3).  In general, the plaintiff bears the burden of demonstrating that venue is proper. Walden v. Locke, 629 F. Supp. 2d 11, 13 (D.D.C. 2009).  When "'considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in

-3-

the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" Walden, 629 F. Supp. 2d at 13 (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)).  If the district where the action is brought is improper, then it is within that district court's discretion to determine whether it is in the interest of justice to dismiss the action, or to transfer it to a district where venue is proper.  Haley v. Astrue, 667 F. Supp. 2d 138, 142 (D.D.C. 2009) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)); see also 28 U.S.C § 1406(a).  "This Circuit favors transfer under § 1406(a) 'when procedural obstacles [such as . . . improper venue] impede an expeditious and orderly adjudication on the merits.'"  Sanchez v. U.S., 600 F. Supp. 2d 19, 22 (D.D.C. 2009) (quoting Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983)); see also Atwal v. Lawrence Livermore Nat. Sec., LLC, Civil Action No. 10-1111 (RWR), 2011 WL 1980370, at *3 (D.D.C. May 23, 2011).

I.  FTCA CLAIM

"Any civil action on a tort claim against the United States under [28 U.S.C. § 1346(b)] may be prosecuted **only** in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b) (emphasis added).  According to "the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if

-4-

sufficient activities giving rise to the plaintiff's cause of action took place here." Tildon v. Alexander, 587 F. Supp. 2d 242, 244 (D.D.C. 2008) (quoting Franz v. United States, 591 F. Supp. 374, 378 (D.D.C. 1984)); see also id. at 243 (citing Stebbins v. State Farm Mut. Auto Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)) (explaining that "there is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination").

Hoskins has conceded that venue is not proper in the District of Columbia for his FTCA claim.  However, he asks that the FTCA claim be transferred to the judicial district in which he resides, namely, the District of New Jersey.  (Pl.'s Opp'n at 5.)  While it is in the interest of justice to transfer Hoskins' FTCA claim instead of dismissing it, and § 1402(b) does allow for an FTCA claim to be brought in the district in which the plaintiff resides, venue for this claim is more appropriate in the District of Maryland than the District of New Jersey.  The District of Maryland was where Hoskins was employed (Defs.' Reply in Supp. of Mot. to Dismiss, Attach. 1, Decl. of Karla Brown ("Brown Decl.") ¶ 3), where the events that gave rise to Hoskins' actions occurred (Compl. ¶ 5), and, according to the defendants, where the records related to Hoskins' complaint are kept.  (Brown Decl. ¶ 4.)  Meanwhile, New Jersey has little interest in, or connection with, the matters relevant to Hoskins' complaint

-5-

because no event related to Hoskins' employment with USCG, and none of the specific events giving rise to Hoskins' complaint, took place there.  See Tildon, 587 F. Supp. 2d at 244 (holding that venue was improper in the District of Columbia despite the fact that it was plaintiff's place of residence because no event giving rise to the claims in plaintiff's complaint took place there).

## II.  TITLE VII AND REHABILITATION ACT CLAIMS

Hoskins' complaint also alleges claims under Title VII and the Rehabilitation Act.  (Compl. ¶ 1.)  "'Where a case involves more than one cause of action, venue must be proper as to each claim.'"  Walden, 629 F. Supp. 2d at 14-15 (quoting Relf v. Gasch, 511 F.2d at 807 n.12 (D.C. Cir. 1975)).  In a Title VII action, 42 U.S.C. § 2000e-5(f)(3) "controls any other venue provision governing actions in federal court."  Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).  "The venue provisions of Title VII also apply to causes of action which are brought under the [Rehabilitation Act]."  Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794(a)(1)).  Venue for a Title VII action is proper in the district where: (1) "the unlawful employment practice is alleged to have been committed"; (2) "the employment records relevant to such practice are maintained and administered"; or (3) "the aggrieved person would have worked but for the alleged unlawful

employment practice." 42 U.S.C. § 2000e-5(f)(3). When "'the defendant cannot be found within any of the districts provided for by the first three bases,'" venue may also be proper in the district in which the defendant has its principal office. Walden, 629 F. Supp. 2d at 14 (quoting Kendrick v. Potter, Civil Action No. 06-122 (GK), 2007 WL 2071670, at *3 (D.D.C. July 16, 2007)); see also 42 U.S.C § 2000e-5(f)(3).

The District of Maryland satisfies the first two bases listed in 42 U.S.C § 2000(e)-5(f)(3) for proper venue. "To determine where an alleged unlawful employment practice was committed, a court 'must look to the place where the decisions and actions concerning the employment practices occurred.'" Walden, 629 F. Supp. 2d at 14 (citing Ifill v. Potter, Civil Action No. 05-2320 (RWR), 2006 WL 3349549, at *2 (D.D.C. Nov. 17, 2006)) (internal citation omitted). Hoskins does not dispute that, while he was employed by the USCG, he was employed in Baltimore, Maryland. (Compl. ¶ 5.)

Hoskins alleges that "it is beyond dispute" that any and all employment records relevant to his complaint are located in the District of Columbia. (Pl.'s Opp'n at 4.) But, according to the declaration made under the penalty of perjury by Karla Brown, a Human Resource Specialist for the USCG, the records are actually located in Baltimore, Maryland. (Brown Decl. ¶ 3.) Hoskins has

filed a surreply[1] containing an e-mail chain that he says proves that his personnel file is being maintained in the District of Columbia. (Pl.'s Surreply at 1-13.) However, the e-mails appear to establish at most that an administrative complaint he filed was processed, at least in part, by managers located in Washington D.C., and that a "Coast Guard Security File" that was opened when the Coast Guard initiated a security clearance investigation regarding Hoskins was located in Chesapeake, Virginia. (Pl.'s Surreply at 9, 11.) Hoskins does not explain how or why the e-mails he attached to the surreply contradict Brown's declaration, and Hoskins presents nothing else to contradict the defendants' sworn assertion that his employment records are being kept in Maryland. See Sulton v. Peters, 532 F. Supp. 2d 150, 152 (D.D.C. 2008) (finding that the defendants presented facts sufficient to defeat the plaintiff's assertion of

---

[1] Although surreplies are not favored, they are allowed when a reply is filed leaving "a party . . . 'unable to contest matters presented to the court for the first time.'" Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)). Courts have been willing to grant leave to file a surreply when it responds to new factual allegations "of substantial import." Tnaib v. Document Techs., LLC, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006). As is mentioned above, the defendants attached to their reply a declaration from a Human Resource Specialist for the USCG which asserted that Hoskins' personnel files were in Washington, D.C. The reply's declaration was the first time that the defendants asserted where Hoskins' personnel file was located. Therefore, although Hoskins did not attach to his surreply a motion for leave to file a surreply, leave to file was granted.

-8-

venue where defendants presented sworn declaration stating that employment records were located in New York, despite the plaintiff's allegations that they were located in the District of Columbia).

As for the third basis for venue, Hoskins does not claim, and the filings to not suggest, that he would have worked in the District of Columbia but for the alleged unlawful employment practice.  Hoskins claims that "the District of Columbia is the principal place of business for the Department of Homeland Security and the Headquarters for the United States Coast Guard[.]"  (Pl.'s Opp'n at 4.)  However, the principal office or place of business of the defendant is a relevant basis for venue only where the defendants cannot be found in any other district, a situation that is not alleged in this action.  See 42 U.S.C § 2000e-5(f)(3).

Because this district does not satisfy any of the bases for venue provided by § 2000e-5(f)(3), venue is not appropriate in the District of Columbia for Hoskins' Title VII and Rehabilitation Act claims.  See James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) ("If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in [§ 2000e-5(f)(3))], venue is improper.").  Although Hoskins' Title VII and Rehabilitation Act claims could be dismissed for improper venue, it is in the

interest of justice to transfer these claims to the District of Maryland along with Hoskins' FTCA claim.  See James, 227 F. Supp. 2d at 20; Walden, 629 F. Supp. 2d at 14 (citing Hamilton v. Paulson, Civil Action No. 07-1365 (RBW), 2008 WL 4531781, at *3 (D.D.C. Oct. 10, 2008)).

## CONCLUSION AND ORDER

Hoskins has not established that venue in the District of Columbia is proper for his FTCA, Title VII or Rehabilitation Act claims.  Because venue is improper here but would be proper in the District of Maryland, and because the activities Hoskins alleges in his complaint took place entirely in the District of Maryland and have little if any connection with the District of New Jersey where Hoskins resides, it is hereby,

ORDERED that the defendants' motion [3] to dismiss or in the alternative to transfer to the District of Maryland be, and hereby is, GRANTED IN PART.  The Clerk is DIRECTED to transfer this case to the United States District Court for the District of Maryland.

SIGNED this 31st day of January, 2012.

```
                                    /s/
                              RICHARD W. ROBERTS
                              United States District Judge
```