**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
JAMES F. HOSKINS,                   )
                                    )
          Plaintiff,                )
                                    )
          v.                        )     Civil Action No. 10-2061 (RWR)
                                    )
JANET NAPOLITANO, et al.,           )
                                    )
          Defendants.               )
_____)

## MEMORANDUM OPINION AND ORDER

     Pro se plaintiff James F. Hoskins brings this action against
the Secretary of the Department of Homeland Security ("DHS"), and
the United States Coast Guard ("USCG"), alleging claims under
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e _et
seq._, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 1346(b)(1),
and the Rehabilitation Act of 1973, 29 U.S.C. § 791 _et seq._  The
defendants have moved to dismiss for improper venue, or, in the
alternative, to transfer the case to the District of Maryland.
Because venue is improper here but would be proper in the
District of Maryland, the defendants' motion will be granted in
part and the case will be transferred to the District of
Maryland.

## BACKGROUND

     Hoskins, a resident of Tenafly, New Jersey, has been
diagnosed as HIV positive since 1995.  (Compl. ¶ 15.)  Hoskins
was hired by the USCG in January 2007 as an ordnance equipment

-2-

worker.  He was assigned to a USCG facility located in Baltimore,
Maryland.  According to Hoskins, while he was employed by the
USCG he was subjected to constant harassment on the basis of his
race and HIV status from September 2007 until his employment was
terminated in October 2008.  (Compl. ¶¶ 11-13, 32-33, 39.)
Hoskins also asserts that the USCG wrongfully denied him training
opportunities (id. ¶¶ 33, 44, 48), denied him a security
clearance by interfering with the background investigation (id.
¶¶ 28, 46, 53, 57), and eventually placed him on administrative
leave and wrongfully terminated his employment.  (Id. ¶¶ 52, 54.)
In December 2010, Hoskins filed the instant complaint against the
DHS and the USCG.  The defendants have moved under Federal Rule
of Civil Procedure 12(b)(3) to dismiss for improper venue or to
transfer the case to the District of Maryland.  (Defs.' Mem. in
Supp. of Defs.' Mot. to Dismiss at 1.)  Hoskins opposes.

DISCUSSION

Rule 12(b)(3) "allows a case to be dismissed for improper
venue."  Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C.
2007); see also Fed. R. Civ. P. 12(b)(3).  In general, the
plaintiff bears the burden of demonstrating that venue is proper.
Walden v. Locke, 629 F. Supp. 2d 11, 13 (D.D.C. 2009).  When
"'considering a Rule 12(b)(3) motion, the court accepts the
plaintiff's well-pled factual allegations regarding venue as
true, draws all reasonable inferences from those allegations in

-3-

the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" Walden, 629 F. Supp. 2d at 13 (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)). If the district where the action is brought is improper, then it is within that district court's discretion to determine whether it is in the interest of justice to dismiss the action, or to transfer it to a district where venue is proper. Haley v. Astrue, 667 F. Supp. 2d 138, 142 (D.D.C. 2009) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)); see also 28 U.S.C § 1406(a). "This Circuit favors transfer under § 1406(a) 'when procedural obstacles [such as . . . improper venue] impede an expeditious and orderly adjudication on the merits.'" Sanchez v. U.S., 600 F. Supp. 2d 19, 22 (D.D.C. 2009) (quoting Sinclair v. Kleindienst, 711 F.2d 291, 293-94 (D.C. Cir. 1983)); see also Atwal v. Lawrence Livermore Nat. Sec., LLC, Civil Action No. 10-1111 (RWR), 2011 WL 1980370, at *3 (D.D.C. May 23, 2011).

I.   FTCA CLAIM

"Any civil action on a tort claim against the United States under [28 U.S.C. § 1346(b)] may be prosecuted **only** in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (emphasis added). According to "the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if

-4-

sufficient activities giving rise to the plaintiff's cause of action took place here." Tildon v. Alexander, 587 F. Supp. 2d 242, 244 (D.D.C. 2008) (quoting Franz v. United States, 591 F. Supp. 374, 378 (D.D.C. 1984)); see also id. at 243 (citing Stebbins v. State Farm Mut. Auto Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)) (explaining that "there is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination").

Hoskins has conceded that venue is not proper in the District of Columbia for his FTCA claim.  However, he asks that the FTCA claim be transferred to the judicial district in which he resides, namely, the District of New Jersey.  (Pl.'s Opp'n at 5.)  While it is in the interest of justice to transfer Hoskins' FTCA claim instead of dismissing it, and § 1402(b) does allow for an FTCA claim to be brought in the district in which the plaintiff resides, venue for this claim is more appropriate in the District of Maryland than the District of New Jersey.  The District of Maryland was where Hoskins was employed (Defs.' Reply in Supp. of Mot. to Dismiss, Attach. 1, Decl. of Karla Brown ("Brown Decl.") ¶ 3), where the events that gave rise to Hoskins' actions occurred (Compl. ¶ 5), and, according to the defendants, where the records related to Hoskins' complaint are kept.  (Brown Decl. ¶ 4.)  Meanwhile, New Jersey has little interest in, or connection with, the matters relevant to Hoskins' complaint

-5-

because no event related to Hoskins' employment with USCG, and none of the specific events giving rise to Hoskins' complaint, took place there.  See Tildon, 587 F. Supp. 2d at 244 (holding that venue was improper in the District of Columbia despite the fact that it was plaintiff's place of residence because no event giving rise to the claims in plaintiff's complaint took place there).

II.  TITLE VII AND REHABILITATION ACT CLAIMS

     Hoskins' complaint also alleges claims under Title VII and the Rehabilitation Act.  (Compl. ¶ 1.)  "'Where a case involves more than one cause of action, venue must be proper as to each claim.'"  Walden, 629 F. Supp. 2d at 14-15 (quoting Relf v. Gasch, 511 F.2d at 807 n.12 (D.C. Cir. 1975)).  In a Title VII action, 42 U.S.C. § 2000e-5(f)(3) "controls any other venue provision governing actions in federal court."  Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983).  "The venue provisions of Title VII also apply to causes of action which are brought under the [Rehabilitation Act]."  Archuleta v. Sullivan, 725 F. Supp. 602, 604 (D.D.C. 1989) (citing 29 U.S.C. § 794(a)(1)).  Venue for a Title VII action is proper in the district where: (1) "the unlawful employment practice is alleged to have been committed"; (2) "the employment records relevant to such practice are maintained and administered"; or (3) "the aggrieved person would have worked but for the alleged unlawful

-6-

employment practice."  42 U.S.C. § 2000e-5(f)(3).  When "'the
defendant cannot be found within any of the districts provided
for by the first three bases,'" venue may also be proper in the
district in which the defendant has its principal office.
Walden, 629 F. Supp. 2d at 14 (quoting Kendrick v. Potter, Civil
Action No. 06-122 (GK), 2007 WL 2071670, at *3 (D.D.C. July 16,
2007)); see also 42 U.S.C § 2000e-5(f)(3).

     The District of Maryland satisfies the first two bases
listed in 42 U.S.C § 2000(e)-5(f)(3) for proper venue.  "To
determine where an alleged unlawful employment practice was
committed, a court 'must look to the place where the decisions
and actions concerning the employment practices occurred.'"
Walden, 629 F. Supp. 2d at 14 (citing Ifill v. Potter, Civil
Action No. 05-2320 (RWR), 2006 WL 3349549, at *2 (D.D.C. Nov. 17,
2006)) (internal citation omitted).  Hoskins does not dispute
that, while he was employed by the USCG, he was employed in
Baltimore, Maryland.  (Compl. ¶ 5.)

     Hoskins alleges that "it is beyond dispute" that any and all
employment records relevant to his complaint are located in the
District of Columbia.  (Pl.'s Opp'n at 4.)  But, according to the
declaration made under the penalty of perjury by Karla Brown, a
Human Resource Specialist for the USCG, the records are actually
located in Baltimore, Maryland.  (Brown Decl. ¶ 3.)  Hoskins has

-7-

filed a surreply[1] containing an e-mail chain that he says proves

that his personnel file is being maintained in the District of

Columbia.  (Pl.'s Surreply at 1-13.)  However, the e-mails appear

to establish at most that an administrative complaint he filed

was processed, at least in part, by managers located in

Washington D.C., and that a "Coast Guard Security File" that was

opened when the Coast Guard initiated a security clearance

investigation regarding Hoskins was located in Chesapeake,

Virginia.  (Pl.'s Surreply at 9, 11.)  Hoskins does not explain

how or why the e-mails he attached to the surreply contradict

Brown's declaration, and Hoskins presents nothing else to

contradict the defendants' sworn assertion that his employment

records are being kept in Maryland.  See Sulton v. Peters, 532 F.

Supp. 2d 150, 152 (D.D.C. 2008) (finding that the defendants

presented facts sufficient to defeat the plaintiff's assertion of

---

[1] Although surreplies are not favored, they are allowed when
a reply is filed leaving "a party . . . 'unable to contest
matters presented to the court for the first time.'"  Ben-Kotel
v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting
Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).  Courts
have been willing to grant leave to file a surreply when it
responds to new factual allegations "of substantial import."
Tnaib v. Document Techs., LLC, 450 F. Supp. 2d 87, 89 n.3 (D.D.C.
2006).  As is mentioned above, the defendants attached to their
reply a declaration from a Human Resource Specialist for the USCG
which asserted that Hoskins' personnel files were in Washington,
D.C.  The reply's declaration was the first time that
the defendants asserted where Hoskins' personnel file was located.
Therefore, although Hoskins did not attach to his surreply a
motion for leave to file a surreply, leave to file was granted.

-8-

venue where defendants presented sworn declaration stating that
employment records were located in New York, despite the
plaintiff's allegations that they were located in the District of
Columbia).

As for the third basis for venue, Hoskins does not claim,
and the filings to not suggest, that he would have worked in the
District of Columbia but for the alleged unlawful employment
practice.  Hoskins claims that "the District of Columbia is the
principal place of business for the Department of Homeland
Security and the Headquarters for the United States Coast
Guard[.]"  (Pl.'s Opp'n at 4.)  However, the principal office or
place of business of the defendant is a relevant basis for venue
only where the defendants cannot be found in any other district,
a situation that is not alleged in this action.  See 42 U.S.C
§ 2000e-5(f)(3).

Because this district does not satisfy any of the bases for
venue provided by § 2000e-5(f)(3), venue is not appropriate in
the District of Columbia for Hoskins' Title VII and
Rehabilitation Act claims.  See James v. Booz-Allen & Hamilton,
Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) ("If the plaintiff
brings suit in a jurisdiction that does not satisfy one of the
venue requirements listed in [§ 2000e-5(f)(3)], venue is
improper.").  Although Hoskins' Title VII and Rehabilitation Act
claims could be dismissed for improper venue, it is in the

-9-

interest of justice to transfer these claims to the District of
Maryland along with Hoskins' FTCA claim.  See James, 227 F. Supp.
2d at 20; Walden, 629 F. Supp. 2d at 14 (citing Hamilton v.
Paulson, Civil Action No. 07-1365 (RBW), 2008 WL 4531781, at *3
(D.D.C. Oct. 10, 2008)).

<u>CONCLUSION AND ORDER</u>

Hoskins has not established that venue in the District of
Columbia is proper for his FTCA, Title VII or Rehabilitation Act
claims.  Because venue is improper here but would be proper in
the District of Maryland, and because the activities Hoskins
alleges in his complaint took place entirely in the District of
Maryland and have little if any connection with the District of
New Jersey where Hoskins resides, it is hereby,

ORDERED that the defendants' motion [3] to dismiss or in the
alternative to transfer to the District of Maryland be, and
hereby is, GRANTED IN PART.  The Clerk is DIRECTED to transfer
this case to the United States District Court for the District of
Maryland.

SIGNED this 31st day of January, 2012.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge